United States District Court
For the Northern District of California

**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARSHALL LOSKOT, et al.,

    Plaintiffs,

    v.

HYDE OUT, et al.,

    Defendants.

_____/

No. C 04-4988 PJH

**ORDER RE DEFENDANTS' MOTION TO DISMISS AND TO STRIKE**

Defendants' motion to dismiss and to strike came on for hearing on May 25, 2005 before this court. Plaintiffs appeared through their counsel Jessica Dayton, and defendants Hyde Out and Kajouee appeared through their counsel, Mark Gibson. Defendants Yung Wun and Lai Ching, trustees of the Yung Wun & Lai Ching Revocable Trust, appeared through their counsel, Curtis Hagen. Having read all submitted papers and carefully considered the relevant legal authority, the court GRANTS IN PART and DENIES IN PART defendants' motion, for the reasons stated at the hearing.[1]

## BACKGROUND

Plaintiff Marshall Loskot is a paraplegic confined to a wheelchair. He and the advocacy group Disability Rights Enforcement Education Services ("DREES") have sued a bar known as the Hyde Out, claiming that he was unable to access the bathroom at Hyde Out on February 4, 2004 and suffered physical injuries in his attempts to do so.[2] Loskot alleges

---

[1] Pursuant to Civ. L.R. 7-13, this order may not be cited except as provided by Civ. L. R. 3-4(e).

[2] Loskot also sues individuals Kajouee Hossein, who runs the bar, and individuals Yung Wun and Lai Ching as trustees of the Yung Wun & Lai Ching Revocable Trust, who own the bar.

the following causes of action: 1) violation of the ADA; 2) violation of the California anti-disability discrimination law ("CDPA") at Cal. Civ. Code § 54; 3) denial of sanitary facilities under Health and Safety Code § 19955, 4) violation of the Unruh Act at Cal. Civ. Code § 51; and 5) violation of Cal. Bus. & Prof. Code § 17200.

Hyde Out claims that Loskot has filed a sham complaint.  Hyde Out notes that Loskot has filed five lawsuits based on his activities on February 4.  In these lawsuits, Loskot claims to have 1) booked a room in Petaluma with architectural barriers (Loskot v. Dollar Inn, C 04-2845 TEH), 2) eaten lunch at San Francisco's Golden Horse restaurant, where he was unable to access the bathroom (Loskot v. Golden Horse, C 04-2917 CRB), 3) eaten another lunch at the Washington Square Bar and Grill, where he was also unable to access the bathroom (Loskot v. Washington Square, C 04-4656 BZ), 4) eaten yet another lunch at the Dragon Café, where he was unable to access the bathroom, after which he went to the Hyde Out and was also unable to access the bathroom (this case), and then 5) gone to the restaurant La Barca for dinner, but when he learned that they had not made their restaurant accessible since his last visit, he left (Loskot v. La Barca, C 04-454 JL).  Loskot claims to have suffered identical physical injuries in all five of the incidents.

Hyde Out now moves to dismiss the complaint as false, or in the alternative, to dismiss because Loskot has not demonstrated that he has standing to proceed in this case.  Hyde Out also moves to dismiss additional causes of action, and to strike certain portions of the damages requests.

**DISCUSSION**

A.   Legal Standard

   1.   Motion to Dismiss

A court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief.  See, e.g., Broam v. Brogan, 320 F.3d 1023, 1033 (9th Cir. 2003) (citations omitted).  In evaluating a motion to dismiss, all allegations of

2

material fact are taken as true and construed in the light most favorable to the nonmoving party. See, e.g., Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000) (citations omitted).

### 2. Motion to Strike

A motion to strike portions of a prayer for relief is properly brought under Rule 12(f). See, e.g., Rosales v. Citibank, 133 F.Supp. 2d 1177, 1180 (N.D. Cal. 2001) (citation omitted). Like a motion to dismiss, in evaluating whether a motion to strike the prayer is appropriate, the court determines as a matter of law whether the relief sought is recoverable. Rosales, 133 F.Supp. 2d at 1180.

## B. Motion to Strike Motion Papers

As an initial matter, plaintiffs filed their opposition brief one week late. Defendants thus moved to strike the opposition. As discussed at the hearing, the motion to strike the opposition is DENIED, but any future late filings by plaintiffs in this matter will be stricken.

In addition, defendants move to strike the declarations submitted by plaintiffs, on the grounds that extrinsic evidence may not be considered on a motion to dismiss. The motion to strike the declarations is GRANTED.

## C. Motion to Dismiss

### 1. Frivolousness

Defendants' motion to dismiss the complaint for frivolousness is DENIED. Accepting plaintiffs' allegations in the complaint as true, as required for 12(b)(6) review, the court finds on the current record that the events claimed took place as pled. To the extent defendants believe that plaintiffs have violated Fed. R. Civ. P. 11, the proper way to proceed would be to file a motion for sanctions under Rule 11.

### 2. Standing

Similarly, because the court accepts plaintiffs' allegations as true, the court also finds that Loskot has standing to proceed in the case.

At the hearing, defendants argued that even if Loskot has standing to proceed, DREES

does not. Defendants argue that for organizational standing to be found on behalf of DREES, it must show that 1) its members would otherwise have standing to sue in their own rights; 2) the interests in the lawsuit are germane to its mission; and 3) neither the claim nor the relief requires the participation of individual members themselves. Ecological Rights Foundation v. Pacific Lumber Co., 230 F.3d 1141, 1147 (9th Cir. 2000) (citations omitted). Defendants claim that since Loskot's participation in this litigation is required, DREES does not have organizational standing.

Defendants are correct that DREES would not have standing to pursue the damages claims asserted in the complaint on its own, since those claims are specific to Loskot. See, e.g., Lake Mohave Boat Owners Assoc. v. National Park Service, 78 F.3d 1360, 1367 (9th Cir. 1995) (no organizational standing to assert claims for damages when damages awards would necessarily be individualized based on specific members' circumstances); Complaint Prayer for Relief ¶¶ III(1), V(1)-(2), VII(1) (claims for damages). However, to the extent the complaint states claims for injunctive relief, DREES does have standing to proceed as a plaintiff on those claims. Associated General Contractors of Amer. v. Metropolitan Water Dist. Of S. Calif., 159 F.3d 1178, 1181 (9th Cir. 1998) (organizational standing found when only relief sought is declaratory or injunctive in nature, with no request for damages) (citations omitted); Complaint Prayer for Relief ¶¶ I(1); II(1); IV(1); VIII (1) (requests for injunctive relief). The motion to dismiss DREES for lack of standing is DENIED.

3. Cal. Health & Safety Code § 19955

As stated at the hearing, the motion to dismiss the third cause of action, under Cal. Health and Safety Code § 19955 is DENIED. This claim is separate from a claim under the CDPA, and therefore is properly stated as a separate cause of action.

4. Cal. Bus & Prof. Code § 17200

Plaintiffs concede that the fifth cause of action under Cal. Bus. & Prof. Code § 17200 is barred by Proposition 64 and seek to withdraw it. This cause of action is DISMISSED.

D.   Motion to Strike

    1.   Punitive Damages

Plaintiffs concede that they are not entitled to punitive damages under the CDPA and the Unruh Act beyond the collection of three times actual damages. Cal. Civ. Code §§ 52(b), 54.3. The motion to strike the request for punitive damages is GRANTED.

    2.   Attorneys' Fees

Plaintiffs concede they are not entitled to attorneys' fees under Cal. Bus. & Prof Code § 17200 after Proposition 64. However, Loskot is correct that he remains entitled to attorneys' fees under the ADA and the Unruh Act. See 42 U.S.C. § 12188 (incorporating attorneys' fees provisions under 42 U.S.C. § 2000a-3(b); Cal. Civ Code § 54 (Unruh Act). The motion to strike the request for attorneys' fees pursuant to § 17200 is GRANTED, but attorneys' fees remain available in the suit under the ADA and the Unruh Act.

    3.   Daily Damages

Finally, as discussed at the hearing, this court elects to follow Doran v. Embassy Suites, 2002 WL 1968166 *4-6 (N.D. Cal. 2002), and finds that daily damages are not available under the Unruh Act and the CDPA. The motion to strike the requests for daily damages under these statutes is GRANTED.

E.   Conclusion

Defendants' motion to dismiss the complaint in its entirety as frivolous is DENIED. Defendants' motion to dismiss the plaintiffs for lack of standing is DENIED. Defendants' motion to dismiss the third cause of action is DENIED. Defendants' motion to dismiss the fifth cause of action is GRANTED.

Defendants' motions to strike the requests for punitive damages and daily damages under the CDPA and Unruh Act are GRANTED. Defendants' motion to strike the attorneys' fees request under § 17200 is GRANTED.

Because it is futile for plaintiffs to attempt to correct these defects, the motions to dismiss and to strike are granted without leave to amend. See, e.g., Steckman v. Hart

5

Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998).  Defendants shall file an answer to the remaining claims in the complaint within 21 days of the filing of this order.  This order fully adjudicates the matter listed at nos 12 and 17 on the clerk's docket for this case.

**IT IS SO ORDERED.**

Dated: May 27, 2005

                                                PHYLLIS J. HAMILTON
United States District Judge